I write separately to concur in the Amended Opinion and Award and express my utmost agreement with the reasoning of the North Carolina Court of Appeals in this case which reversed the Full Commission decision and agreed with the principles enunciated in my dissenting opinion. It has been my contention throughout appellate review of this matter that it is overwhelmingly apparent that this case should be governed by the decision in Lemly v. Colvard Oil Co., 157 N.C. App. 99, 577 S.E.2d 712, (2003) which simply held that a written memorandum of mediated settlement is a valid compromise settlement agreement subject to the approval of the Industrial Commission.
The Court of Appeals holdings in this case and Lemly indicate a continued commitment to maintaining the integrity of the Industrial Commission Rules for Mediated Settlement and Neutral Evaluation Conferences. The mediation program is a vital element in the Industrial Commission contested claims adjudication process essential to fulfill the mandate of providing "certain and speedy relief to injured employees" as set forth shortly after passage of the Workers' Compensation Act in Cabev. Parker Graham Sexton, 202 N.C. 176, 162 S.E. 223, (1932). Failure to enforce the mediation rules in their totality in every case would seriously impede the expectation interests of all parties in a workers' compensation claim and potentially render futile the Industrial Commission's mandatory mediation procedures.
As the Lemly and Lee decisions clearly stand for the sanctity of the mediation rules, it is only equitable that sanctions available for failure to comply with these rules be strictly enforced as well. Therefore, any party who chooses to disregard these rules should be aware that Rule 5 grants the Industrial Commission broad discretionary powers to assess sanctions against any party, the party's principal, or attorney for mediation rules violations.
The inviolability of the mediation rules must be preserved in order to ensure efficient administration of justice and fairness to all stakeholders in the workers' compensation system.
This the ___ day of March 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN